UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP, LLC,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**ULTIMATE SOFTWARE GROUP, INC.,**<br><br>　　　　　　　　　**Defendant.** | Civ. No. 16-8664 (KM)(MAH)<br><br>**OPINION & ORDER** |

The complaint filed in this action by ADP, LLC, alleges that the defendant, Ultimate Software Group, Inc. ("USG"), raided ADP's sales force, hired ADP's ex-employees in violation of their non-competition and non-disclosure agreements, and thereby gained access to ADP's trade secrets and confidential information. USG counterclaims for tortious interference with prospective economic benefit and unfair competition. This matter comes before the Court on USG's motion (ECF no. 30) to dismiss Counts IV and V of the Complaint, USG's letter application (ECF no. 57) to amend its Counterclaims, and ADP's motion (ECF no. 40) to dismiss the Counterclaims in their original form. For the reasons stated herein, USG's motion for partial dismissal of the Complaint will be denied, USG's motion to amend the Counterclaims will be granted, and ADP's motion to dismiss the Counterclaims will be administratively terminated without prejudice to refiling in response to the amended version of the Counterclaims.

I.　**Motion to dismiss Counts IV and V of the Complaint**

USG moves to dismiss Counts IV and V of the Complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Count IV asserts a claim that Ultimate violated the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.204. Count V asserts a

1

New Jersey state law claim of "corporate raiding." For the reasons stated herein, the motion to dismiss will be denied.

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. In deciding such a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*). The factual allegations of the complaint must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As to Count IV (FDUPTA), USG's essential objection is that the complaint fails to allege that any injury or wrongful conduct occurred in Florida. It postures that objection variously as a choice-of-law, standing, or substantive issue. The Complaint alleges, however, that USG has its principal place of business in Florida, and that the wrongful acts were committed by USG's managers and employees. (*E.g.*, Cplt. ¶¶ 2, 6) The Complaint further alleges that USG poached an ADP employee who was "based out of the Florida Panhandle covering the surrounding region for ADP's National Account Services division," and a second employee who worked as a "geo district manager for the Alabama/Mississippi/Florida region." (Compl. ¶ 33(i), (n)) USG allegedly did so in order "to target and misappropriate ADP's customers in Florida and elsewhere." (Cplt. ¶¶ 85, 87-88)

That is enough to go forward on Count IV. USG's further substantive objections involve matters of fact that must be resolved on summary judgment

or at trial.

As to Count V, USG essentially argues that the Complaint does not adequately allege improper motive or improper means[1] in connection with its hiring of ADP's ex-employees.

As to improper motive, the Complaint does allege that USG actions were taken "with malice toward ADP and are without privilege or justification." Not enough, says USG; the case law has requires intent to destroy a competitor's business, for example by hiring away the entire sales force; here, by contrast, USG has hired away approximately 15 ADP employees. Even under the heightened Rule 9(b) standard for pleading fraud, however, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). And malice is a protean, fact-dependent standard, requiring the fact finder to distinguish between impermissible harm and the routine, accepted harm that economic competitors inflict on one another.[2] It is ill-suited for resolution on a motion to dismiss.

As to improper means, USG argues that the alleged hiring away of 15 sales force members falls short of "improper" conduct. *See, e.g., Avtec Indus., Inc. v. Sony Corp. of Am.*, 205 N.J. Super. 189, 195 (App. Div. 1985). It points out that standards of commercial propriety are fairly forgiving, and states that

---

[1] The parties dispute whether both are required, or whether either will do. That is a dispute I need not resolve at present.

[2]
> "[I]f the persuasion be used for the indirect purpose of injuring the plaintiff, or of benefiting the defendant, at the expense of the plaintiff, it is a malicious act."
> .... Self-enrichment or fraternal interest, and not personal ill will, may well have been the motive; but it is malice nevertheless. While ill will toward a person is malice in its common acceptation or popular sense, in the technical, legal sense it is the intentional doing of a wrongful act without justification or excuse. * * * And a 'wrongful act,' within the intendment of this definition, is any act which, in the ordinary course, will infringe upon the rights of another to his damage....

*Wear-Ever Aluminum, Inc. v. Townecraft Indus., Inc.*, 75 N.J. Super. 135, 141-42 (Ch. Div. 1962),

it has found no example of liability for "corporate raiding" in New Jersey since 1962. But the Complaint alleges, for example, that USG deliberately placed employees in positions that violated their non-compete agreements with ADP. Once again, I find the allegations, *qua* allegations, to be sufficient; whether they pan out as a claim of "improper means" must await factual development.

The motion to dismiss Counts IV and V is denied.

## II. Motions to dismiss/amend Counterclaims

ADP moves (ECF no. 40) to dismiss USG's counterclaims for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). USG has responded with a letter application to amend its counterclaims. (ECF no. 57) To that, ADP has responded with its own letter. (ECF No. 62)

Leave to amend is freely granted. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178 (1962). The proposed amended Counterclaims concern allegedly improper and intimidating letters ADP's counsel sent to USG employees. That conduct, USG claims, is further evidence of ADP's unfair business practices. The request to amend comes just a few weeks after the May 5, 2017, deadline set in the Scheduling Order. (ECF no. 34) To some degree, the amendments rely on alleged intervening events. The amendments do not appear to be futile on their face. There is no particular prejudice to the plaintiff. The motion to amend is therefore granted.

ADP's motion to dismiss, however, was filed in response to the Counterclaims in their original form. I will therefore administratively terminate that motion to dismiss without prejudice to refiling in response to the Counterclaims as amended. Arguments as to the sufficiency of USG's counterclaims will be decided in the context of such a renewed motion, if asserted, not strung out in letter briefs.

## ORDER

The Court having considered the motions, oppositions, replies, and other filings (ECF nos. 30, 40, 41, 43, 44, 45, 57, 58, 59, 64) For the reasons stated in the foregoing Opinion,

IT IS this 8th day of June, 2017,

ORDERED as follows:

1. The motion (ECF no. 30) of USG to dismiss Counts IV and V of the Complaint for failure to state a claim is DENIED.

2. The letter application of USG (ECF no. 57) to amend the Counterclaims is GRANTED. USG shall file its Amended Answer, Affirmative Defenses and Counterclaims, substantially in the form proposed (ECF no. 57-2) as a separate document within five days.

2. The motion of ADP (ECF no. 40) to dismiss the Counterclaims is ADMINISTRATIVELY TERMINATED without prejudice to refiling in opposition to the Counterclaims in their amended form.

Dated: June 8, 2017

_____
**Kevin McNulty**
**United States District Judge**