**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ADP, LLC,

       Plaintiff,

v.

ULTIMATE SOFTWARE GROUP, INC.,

       Defendant.

Civ. No. 16-8664 (KM) (MAH)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the motion (ECF no. 121) of the plaintiff, ADP, Inc. ("ADP") for reconsideration of the Court's decision denying ADP's motion to dismiss the counterclaims of defendant Ultimate Software Group, Inc. ("USG"). As I write for the parties, this opinion assumes familiarity with the Court's prior Order (ECF no. 120) and Opinion ("Op.", ECF no. 124).[1]

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. See *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v.*

---

[1] The Opinion was originally filed as ECF no. 119. I then filed an amended version of the Opinion (ECF no. 124) which corrected two citations to a prior case, *NVR, Inc. v. Davern*, No. 15-5059, 2015 WL 7013459, at *4 (D.N.J. Nov. 30, 2016). As there was no change in substance or pagination between the two versions, I here cite to the amended version, ECF no. 124.

1

*Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

ADP's motion presents no such "overlooked" issue. To read ADP's brief, one would think that the *Noerr-Pennington* issue had been decided against it. But there is no dispute as to the applicable legal standards under *Noerr-Pennington*. I merely ruled that I would not dispose of the matter on a motion to dismiss, but would revisit it on summary judgment with the benefit of a record. That was and is the only question presented. I adhere to that ruling.

## DISCUSSION

### A. Reconsideration

Like many a litigant, ADP brings a motion for reconsideration asserting that the Court, in deciding as it did, must have "ignored" or "overlooked" its submissions or arguments. In particular, ADP says, the Court did not consider the prior cases attached to the Cruz declarations, or rule on its request for judicial notice of them. This reconsideration motion is plainly meritless, in that it can easily be disposed of *via* quotations from my prior Opinion.

The prior cases are litigations brought by ADP against others. Because it "won" almost all of them, ADP says, the sham litigation exception cannot apply, and *Noerr-Pennington* must be held to bar the counterclaims as a matter of law. ADP seems to define a win as enforcement, to any degree, of a restrictive covenant.

2

In fact, I did not miss the citations to the other cases, nor did I believe I was powerless to consider them. My Opinion specifically noted that "I may also take judicial notice of another court's opinion, 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.' *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201." (Op. at 4)[2]

I reviewed the submissions, considered the effect of those thirteen prior cases, and ruled as follows:

> Describing a series of cases where the non-compete agreements were litigated, ADP touts a won-lost[3] record of 12-1. ([Pl. Brf. at 18–21.) USG disputes the reading of these cases as victories for ADP, while also pointing out that there is still a factual controversy as to whether the first prong of *Professional Real Estate* ("objectively baseless") has been met. (Def. Opp. at 20, 25.) At the motion-to-dismiss stage and without the benefit of discovery definitively setting out the universe of cases between ADP, USG, and its employees, it is too early to decide whether the series of litigations pursued by ADP against USG and its employees constitute "sham litigation."

(Op. at 8) Indeed, the citation to the plaintiff's brief refers to its discussion of the very cases that the court supposedly "overlooked."

Implicit in ADP's analysis seems to be some notion that, if it has "won" a large majority of prior similar litigations, then the court is compelled to dismiss the counterclaims at the motion to dismiss stage. Not so. A court *may*, in a sufficiently clear case, decide a *Noerr-Pennington* issue at the motion to dismiss stage. (ADP seems to read "may" as "must.") Alternatively, it may often present

---

2   I do not, by the way, routinely include this material as boilerplate when reciting the standard of review on a Rule 12(b)(6) motion to dismiss. I include it when I am asked to take note of another court's opinion.

3   A win seems to mean, according to ADP's briefing, a finding by the court that ADP's restrictive covenant with its former employee was, at least in part, valid and enforceable. [This fn. in original]

3

a jury question, or at least a summary judgment question. I acknowledged, and did not "overlook," that principle in my earlier Opinion:

> A court may decide the applicability of the *Noerr-Pennington* doctrine on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if no factual issues are present. *Trustees of Univ. of Pa. v. St. Jude Children's Res. Hosp.*, 940 F. Supp. 2d 233, 242–43 (E.D. Pa. 2013) ("To be sure, the question of whether litigation is a sham can be a fact question for the jury. But as the Supreme Court explained in *PRE*, when 'there is no dispute over the predicate facts of the underlying legal proceeding, a court *may* decide probable cause [and thus *Noerr-Pennington* applicability] as a matter of law." (citations omitted and emphasis added)); *Asphalt Paving Sys. v. Asphalt Maint. Sols., LLC*, No. 12-2370, 2013 WL 1292200, at *7–*8 (E.D. Pa. Mar. 28, 2013) (deciding only that *Noerr-Pennington* immunity applied in its grant of dismissal); *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 616 (D.N.J. 2000) (same).

(Op. at 6 n.3)

As pointed out in my prior Opinion, the applicability of the doctrine is not just a matter of compiling a won/lost record. That history of litigation against others is of course relevant, but it is not necessarily dispositive. As pointed out in my prior Opinion,

> [t]he standard set out in [*California Motor Transportation Co. v. Trucking Unlimited*, 404 U.S. 508 (1972)] governs in those cases; the court should ask "whether a series of petitions were filed with or without regard to merit and for the purpose of using governmental process (as opposed to the outcome of that process) to harm a market rival and restrain trade." Id. *The court is expected to perform a more holistic review* that may include looking at the filing success of the claimant, evidence of bad faith, and the magnitude and nature of the collateral harm caused by the filings as circumstantial evidence of the subjective motivations of the petitioner. *Id.* at 180–81.

(Op. at 6)(emphasis added)

That "holistic review" is one which "may include," but is not *limited to*, the success, or not, of the actions. (*Id.*) "This inquiry asks whether a series of petitions were filed *with or without* regard to merit and for the purpose of using

4

the governmental process (*as opposed to the outcome of that process*) to harm a market rival and restrain trade." *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 180 (3d Cir. 2015) (emphasis added). The counterclaim complaint alleges such misuse of the litigation *process*.

The Court will consider the other factors identified in *California Motor* in assessing whether litigation was brought in bad faith simply to intimidate or discourage competition. I hasten to state that I am not finding that it was; all I have ruled is that the determination will be made later in the process.

The motion for reconsideration is denied.

### B. Certification for Interlocutory Appeal

A district court may, within its discretion, certify an interlocutory order for immediate appeal:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). *See also Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003). Thus to certify an order for appeal, the court must find "(1) that the order of appealability involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Ensey v. Gov't Employers Ins. Co.*, No. CV 12-7669 (JEI/KMW), 2014 WL 12613400, at *2 (D.N.J. Aug. 18, 2014) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753 (3d Cir. 1974)). Certification is not mandatory, however; even if the three criteria are met, it is discretionary. *Id.* (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (2001)). My order, a routine application of the Rule 12(b)(6) standard, serves only to delay consideration of

the substantive issue until the completion of discovery and summary judgment. It does not present grounds for an interlocutory appeal.

I first consider in order the purportedly controversial, appeal-worthy "controlling questions" as presented by ADP:

> 1) Whether a court on a motion to dismiss under the Noerr-Pennington doctrine may fail to consider crucial evidence presented by the moving party to defeat the "sham litigation" exception. The Court did not consider the Cruz declarations or the opinions attached to them as exhibits.

The court did not rule that it was entitled to "fail to consider crucial evidence." Nor did it in fact fail to consider that evidence. The "evidence" here consists of thirteen prior decisions in cases brought by ADP. As outlined above, I read and considered them.

> 2) Whether a court on a motion to dismiss under the Noerr-Pennington doctrine may fail to consider and rule on a request for judicial notice of crucial evidence presented by the moving party to defeat the "sham litigation" exception. The Court did not rule on ADP's request for judicial notice.

The court did not "fail to consider and rule on a request for judicial notice." Once again, the "crucial evidence" consists of the thirteen prior decisions. Not only did the court's Opinion specifically provide that "I may also take judicial notice of another court's opinion ...." I *did* take notice of those prior decisions; I specifically cited to pages 18–21 in ADP's brief, where they were discussed; and I dealt with ADP's argument that this won/lost record entitled it to the relief requested.

> 3) Whether the materials presented on ADP's motion are of a nature sufficient to refute the "sham litigation" exception to Noerr-Pennington as that exception has been construed by the Third Circuit in *Hanover 3201 Realty*. Review of the opinions presented is sufficient to satisfy the "holistic review."

This court's prior opinion cited and followed the standards set forth in *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, 806 F.3d 162, 178 (3d Cir. 2015). *Hanover*, however, partially reversed the dismissal of an antitrust

6

suit, and also found that there *was* sham litigation, disentitling the defendant to assert the *Noerr-Pennington* defense. The case went up to the Court of Appeals on an ordinary appeal from a final decision. The particular issue here—whether it is error to deny a motion to dismiss on *Noerr-Pennington*/sham litigation grounds—was not presented. That issue involves no more than an application of agreed-upon standards to the facts, and a judgment call about whether further discovery is required. As such, it is not really a "question of law" requiring appellate guidance at all. *See Ahrenholz v. Bd. Of Trustees*, 219 F.3d 674, 676–77 (7th Cir. 2000) (looking to whether a putative § 1292(b) appeal concerns a "pure question of law," such as the "meaning of a statutory or constitutional provision, regulation, or common law doctrine").[4]

In addition, a § 1292(b) appeal is appropriate for an order which, at least, "if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. This order, denying a motion to dismiss, would have little if any significance on a final appeal; it is the kind of interlocutory issue which, if incorrect, is likely to be corrected or mooted by subsequent developments in the litigation. It can most profitably be heard in the usual course, on appeal from a final decision.

---

[4] The following cases, cites by UGS, are to a similar effect as to controlling questions of law: *In re Schering-Plough Corp.*, No. 08-cv-397 (DMC), 2010 WL 2546054, at *4 (D.N.J. June 21, 2010) ("This Court has previously determined that certification to appeal the interlocutory Order is inappropriate when the underlying order involves mixed questions of fact and law because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." (internal quotation marks and brackets omitted)); *Arista Records, Inc. v. Flea World, Inc.*, No. 03-cv-2670 (JBS), 2006 WL 2882990, at *2 (D.N.J. Oct. 10, 2006) ("Courts in this District have held that, although a question may appear to be a controlling question of law, questions about a district court's application of the facts of a case to established legal standards are not controlling questions of law for purposes of Section 1292(b)."); *Krishanthi v. Rajaratnam*, No. 09-cv-05395 (DMC), 2011 WL 1885707, at *3 (D.N.J. May 18, 2011) ("Here, Defendants challenge the sufficiency of the facts alleged, and the application of the legal standard to the facts at issue; thus, Defendants' argument by necessity involves an interplay of facts and law, and such matters are within the discretion of this Court. Therefore, Defendants have not established that this Court's Opinion exclusively concerns controlling questions of law.").

*See* 28 U.S.C. § 1291. An interlocutory appeal may also be appropriate where resolution of the question is of great consequence to the litigation. *Katz, supra.* This question, however, implicates only the usual inconvenience of litigating an issue on which ADP believes it will prevail.

Nor is this a disputed or controversial question. "Substantial grounds for difference of opinion" exist, for purposes of section 1292(b), when the courts that have examined an issue reach "conflicting and contradictory opinions ... upon the particular question of law." *Ensey v. Gov't Employers Ins. Co.*, No. CV 12-7669 (JEI/KMW), 2014 WL 12613400, at *2 (D.N.J. Aug. 18, 2014) (quoting *Kolbeck v. General Motors Corp.*, 702 F. Supp. 532, 542 (E.D. Pa. 1988)). *See also Cuttic v. Crozer–Chester Med. Ctr.*, 806 F. Supp. 2d 796, 804–05 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is general doubt or conflicting precedent as to the correct legal standard."). There is no disagreement, doubt, or dispute in the case law as to the applicable standards under *California Market* or *Hanover*. The only question is whether those standards will be applied now, or later, to achieve a substantive result.

On that score, I consider whether an interlocutory appeal would materially advance the ultimate termination of the litigation. That question must be considered in the context of the general policy against piecemeal litigation that is embodied in 28 U.S.C. § 1292 and the final-decision rule of 28 U.S.C. § 1291. This litigation will go forward in any event, and the counterclaims will probably involve contentions and witnesses that to some extent will overlap with the merits of the main claims. Interrupting the progress of the case for a round-trip to the Court of Appeals is as likely to delay as to hasten the day when the merits can finally be resolved. And ADP is frank about its desire to stay all proceedings on the counterclaims pending the outcome of this motion and any resulting interlocutory appeal.

For all of the foregoing reasons, a certificate of appealability pursuant to 28 U.S.C. § 1292(b) is denied.

### C. Stay/Extension of time

ADP seeks to stay proceedings on the counterclaim pending resolution of this motion and, if the motion is granted, pending the outcome of any interlocutory appeal. In light of my rulings, that application is moot, and therefore is denied.

ADP also seeks a stay of its time to answer the Counterclaims pending resolution of this motion for reconsideration. That application, too, is denied as moot.

### CONCLUSION

For the reasons stated above ADP's motion for reconsideration and associated relief (ECF no. 121) is denied.

An appropriate order follows.

Dated: April 17, 2018

_____
**Kevin McNulty**
**United States District Judge**